**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEONEL SAMAYO-AGGUIRE,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2890-J** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Leonel Samayo-Agguire, a noncitizen[1] proceeding with counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response to the petition, Doc. 8, and Petitioner filed a reply. Doc. 9. So, the matter is at issue.

For the reasons below, the undersigned recommends that the Court **GRANT** the petition and order Petitioner's immediate release.

## I. Factual background and procedural history.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Petitioner is a citizen of El Salvador who has resided in the United States for 21 years. Doc. 1, at 1. Petitioner arrived without inspection. *Id.* at 4. In November 2024, Petitioner was arrested by Immigration and Customs Enforcement (ICE). Doc. 1, at 1. Petitioner was released on his own recognizance and required to attend check-in appointments as a condition of his release. *Id.* at 2, 5. When Petitioner appeared for his appointment on September 14, 2026, ICE detained him. *Id.* Petitioner is married to a United States citizen and has filed an I-130 application. *Id.* at 5.

ICE is currently detaining Petitioner at the Diamondback Facility in Watonga, Oklahoma. *See id.* at 8.

**II. Petitioner's claims.**

Petitioner claims that his detention is unlawful because: (1) he was re-detained without "notice, an individualized explanation of changed circumstances, or a meaningful opportunity to contest the revocation"; (2) Respondents violated the Immigration and Nationality Act by detaining him under 8 U.S.C. § 1225 instead of § 1226; and (3) Respondents violated the "procedural safeguards" required to re-detain Petitioner under the Due Process Clause of the Fifth Amendment. *Id.* at 20-22. Petitioner requests that the Court, in relevant part, order his immediate release under the conditions of his November 2024 release. *Id.* at 22-23.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is entitled to habeas relief.

Respondents concede that Petitioner's detention is governed by 8 U.S.C. § 1226, not § 1225. Doc. 8, at 1. Petitioner argues that his detention is unlawful because Respondents failed to adhere to their statutory and regulatory requirements under 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9). Respondents do not address these claims, but merely state that "[t]here is no reason to consider additional arguments . . . if the Court is ordering a hearing based on the statutory claim." *Id.* at 1-2.

### A. Respondents violated their own regulations in re-detaining Petitioner.

Section 1226(a)(2)(B) permits a noncitizen who is subject to detention under § 1226(a) to be released on conditional parole.[2] A noncitizen's release under § 1226(a)(2)(B) implicates § 1226(b), which provides that DHS "at any time may revoke a bond or parole authorized under [§ 1226(a)], rearrest the alien under the original warrant, and detain the alien." The regulations also provide that a noncitizen's release "may be revoked at any time in the discretion of the district director [and certain other federal officers], *in which event* the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled." 8 C.F.R. § 236.1(c)(9) (emphasis added).

**1. The absence of changed circumstances.**

However, "notwithstanding the breadth of [§ 1226(b)'s] statutory language, the [BIA] has recognized an important implicit limitation on DHS's authority. The BIA has held that 'where a previous bond determination has been made by an immigration judge, no change should be made by a District

[2] DHS released Petitioner under an order of recognizance. Doc. 1, at 5. "Release on one's own recognizance is a form of conditional parole under § 1226(a)(2)(B)." *Singh v. Noem*, 824 F. Supp. 3d 1197, 1212 (D.N.M. Mar. 18, 2026); *see also Matter of Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (BIA 2023) ("[Petitioners] were released on their own recognizance pursuant to DHS' conditional parole authority under [§ 1226(a)(2)(B)].").

Director absent a change of circumstance.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1196-97 (N.D. Cal. 2017) (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981)), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "DHS has incorporated this holding into its practice, requiring a showing of changed circumstances both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer." *Id.* at 1197.

Respondents provide no evidence of changed circumstances and no argument explaining why the requirement should not apply. The undersigned therefore finds that Respondents unlawfully detained Petitioner in violation of 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9).

**2. The absence of revocation by an authorized official.**

"The phrase 'in which event' demonstrates that revocation by a listed official is a necessary precondition to Petitioner being 'taken into custody and detained.'" *Singh*, 824 F. Supp. 3d at 1213; 8 C.F.R. § 236.1(c)(9). Nothing in the record suggests that any authorized official exercised their discretion to revoke Petitioner's prior release. This alone "is sufficient to find that proper procedures were not followed in effectuating Petitioner's detention." *Torres v. Grant*, No. CIV-26-619-D, 2026 WL 1256937, at *3 (W.D. Okla. May 7, 2026), *report and recommendation adopted in part,* No. CIV-26-619-D, 2026 WL

1625656 (W.D. Okla. June 5, 2026).[3] Respondents failed to provide any evidence they followed this requirement.[4] Thus, the undersigned finds that Respondents failed to adhere to the proper procedures in effectuating Petitioner's detention, making it unlawful.

**B. Petitioner's immediate release is the appropriate remedy.**

An agency's regulations are legally binding on the agency, "as [the agency] is 'expected to render a decision in accord with its own collective belief.'" *Abedi v. Carter*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *22 (10th Cir. Oct. 21, 2026) (quoting *Ramos v. Bondi*, 155 F.4th 1154, 1165 (10th

---

[3] Although he did not adopt the undersigned's recommendation that petitioner be released, Judge DeGiusti did not reject the undersigned's reasoning. *See Torres*, 2026 WL 1625656, at *2. Rather, Judge DeGiusti declined to adopt this aspect of the recommendation because he found "Petitioner did not allege that ICE violated any of its policies or procedures, or governing regulations or statutes in arresting and re-detaining him." *Id.*; *see also Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1099500, at *3 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted,* No. CIV-26-289-R, 2026 WL 1483557 (W.D. Okla. May 27, 2026); *Singh v. Cerna*, No. CIV-26-1816-SLP, 2026 WL 2608118, at *4 (W.D. Okla. Sept. 3, 2026); *Pisfil Quesquen v. Figueroa*, No. CIV-26-1547-D, 2026 WL 3034466, at *4 (W.D. Okla. Oct. 9, 2026).

[4] Petitioner states that he is not "aware of any reasoned written determination identifying a material change in circumstances that justified rescinding the government's earlier custody decision" and that "any such records—including any revocation notice, any new Form I-286 custody determination, and the materials ICE relied on—are in Respondents' exclusive possession." Doc. 1, at 7. Respondents did not file any such records.

Cir. 2025)). The government's violation of "regulations that establish procedural protections for individuals . . . may constitute per se prejudice, negating the need for the plaintiff to make any additional showing of prejudice to be entitled to relief." *Id.* In *Abedi*, the Court held that ICE's failure to comply with 8 C.F.R. § 241.13(i), the regulations governing revocation of release for noncitizens subject to a final order of removal, rendered the petitioner's arrest and detention invalid. *Id.* at *21. Importantly, the petitioner's ability to litigate his due process rights in a habeas petition did not cure the violation. *Id.* As a result, the government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*

Here, Respondents failed to comply with a similar regulation governing the government's authority to revoke a noncitizen's release while removal proceedings are pending. As in *Abedi*, the government's violation was "per se prejudicial, thus warranting habeas relief without the need for an additional showing of prejudice." *Id.*; *see Singh*, 824 F. Supp. 3d at 1214. A bond hearing would be an insufficient remedy because it "cannot cure the fact that [Petitioner] is detained while his conditional parole is still ongoing because it has not been properly terminated." *Singh*, 824 F. Supp. 3d at 1215; *see also E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because

it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Singh*, 2026 WL 1099500, at *3 ("The proper remedy here is immediate release as a bond hearing would not adequately address Respondents' improper detention of Petitioner."). Respondents offer no rebuttal, despite having responded after *Abedi* issued. *See Ibragimov v. Gantt,* No. 26-2296-R, 2026 WL 3573431, at *2 (W.D. Okla. Nov, 20, 2026) (adopting recommendation of release and concluding "[l]ike the regulations involved in *Abedi¸* the statutory and regulatory requirements for warrantless arrests are 'procedures established to protect individuals' due process rights.'" (quoting *Abedi*, 2026 WL 3149141, at *22)).

So, the undersigned recommends that the Court grant the petition and order Respondents to release Petitioner subject to the same conditions that governed his earlier parole. *See Vikram v. Figueroa*, No. CIV-26-2055-J, Doc. 14, at 7 (W.D. Okla. Oct. 30, 2026) (ordering a petitioner's release subject to his previous bond conditions when DHS improperly revoked his prior release).

## V. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends that the Court grant Petitioner's request for habeas relief. The undersigned also recommends the Court order Petitioner's immediate release subject to the same conditions that governed his November 2024 release on recognizance. The undersigned

further recommends that the Court order Respondents to file a declaration pursuant to 28 U.S.C. § 1746 confirming compliance within five business days after entry of the Court's order. The undersigned also recommends that the Court order Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable exercises of discretion, notice, and opportunity to be heard.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 1, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of November.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE